**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4185**

───────────

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

ELIASAR BORJA,

                 Defendant - Appellant.

───────────

**No. 07-4342**

───────────

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

JOSE SAUL MONDRAGON, a/k/a Gordo,

                 Defendant - Appellant.

───────────

Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (7:05-cr-00097-FL)

───────────

Submitted: June 30, 2008         Decided: July 21, 2008

───────────

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN & BERRY, PLLC, Wilmington, North Carolina; Lisa S. Costner, LISA S. COSTNER, PA, Winston-Salem, North Carolina, for Appellants. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eliasar Borja and Jose Saul Mondragon, along with several co-conspirators, were charged with various offenses in a multi-count indictment. Borja entered a straight-up guilty plea to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000) (Count One), distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) (Counts Three, Four, Five, and Six), distribution of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Seven), and distribution of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2000) (Count Eight). The district court sentenced him to concurrent 135-month prison terms on each count. Pursuant to a plea agreement, Mondragon pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count One), and money laundering and aiding and abetting the same, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i), (a)(1)(B)(i) (West 2000 & Supp. 2008), and 18 U.S.C. § 2 (Count Nine). The district court sentenced Mondragon to concurrent eighty-seven-month prison terms on each count.

Borja and Mondragon now challenge their convictions and sentences in these consolidated appeals. Their attorneys have

filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether, in Borja's case, the sentence imposed was unreasonable. Although each was advised of his right to do so, neither Borja nor Mondragon has filed a supplemental pro se brief. For the following reasons, we affirm.

We review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597-98 (2007); <u>United States v. Pauley</u>, 511 F.3d 468, 473-74 (4th Cir. 2007) (discussing procedure district courts must follow in sentencing defendants). This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable. <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Here, the district court properly calculated Borja's and Mondragon's Guidelines ranges, appropriately treated the Guidelines as advisory, and considered the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). Each Appellant was sentenced at the bottom of the applicable Guidelines range and below the statutory maximum. We considered the arguments raised in Appellants' brief and the records in each case, and find no

information to rebut the presumption that the properly calculated advisory Guidelines sentences are reasonable.

As required by Anders, we have reviewed the record in each case and have found no meritorious issues for appeal.  We therefore affirm Borja's and Mondragon's convictions and sentences.

This court requires that counsel inform Borja and Mondragon, in writing, of the right to petition the Supreme Court of the United States for further review.  If either Borja or Mondragon requests that a petition be filed, but his counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on her client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED